IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ALVERNAZ PARTNERS,

    Plaintiff,

v.

JANLEY P GONZALEZ,

    Defendant.
                               /

No. C-10-02598 EDL

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND GRANTING IN PART PLAINTIFF'S REQUEST FOR FEES**

Plaintiff Alvernaz Partners filed a motion to remand this unlawful detainer complaint to Contra Costa County Superior Court following Defendant Janley Gonzalez's procedurally and substantively improper removal. Defendant filed an opposition to the motion to remand, and Plaintiff filed a reply. Both parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c).[1] Because this matter was appropriate for decision without oral argument, the Court vacated the August 31, 2010 hearing. For the following reasons, the Court grants Plaintiff's motion to remand and awards fees in the amount of $4,256.00.

**Background**

On November 19, 2009, Plaintiff purchased the real property at 626 La Corso Drive in Walnut Creek at a foreclosure sale. See Fisher Decl. Ex. 1 at Ex. A. The previous owner was

---

[1] Two other Defendants, who defaulted in the state court action, have not appeared, nor have they been served with the removal notice. The Court does not require the consent where a defendant has not been served because the defendant therefore is not a party under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

Defendant Gonzalez. Also on November 19, 2009, Defendant filed for Chapter 13 bankruptcy protection. Am. Compl. ¶ 5. The bankruptcy was dismissed on December 17, 2009. Id.

Plaintiff filed an unlawful detainer complaint against Defendant on December 31, 2009. See Fisher Decl. Ex. 1. An order vacating the dismissal of the bankruptcy was entered on January 8, 2010. Am. Compl. ¶ 6.

Plaintiff filed an amended unlawful detainer complaint on January 22, 2010 to also name Defendant's subtenants. Defendant answered the amended unlawful detainer action. See Fisher Decl. Ex. 2. The subtenant Defendants failed to answer and the state court entered their defaults.

Plaintiff obtained an Order for Relief from Bankruptcy Stay on May 3, 2010. See Pl.'s Mot. at 2. The state court set a pretrial hearing on the unlawful detainer action for May 13, 2010. See Fisher Decl. ¶ 5. Defendant failed to appear for the pretrial conference, and the state court set the trial for June 4, 2010. See id. The state court held a trial on the merits on June 4, 2010 at which Defendant appeared and tried his case. See Fisher Decl. ¶ 7; Ex. 5. The state court entered judgment in favor of Plaintiff for possession of the property. See id.

The state court addressed the issue of when Defendant could move out of the property, and Defendant agreed to vacate in two weeks. See Fisher Decl. ¶¶ 8-9. During those two weeks, on June 11, 2010, Defendant removed the unlawful detainer case to this Court.

Previously, in December 2009, Defendant filed a state court action against Plaintiff and others alleging violations of, among other things, the Truth in Lending Act and the Real Estate Settlement Practices Act. That case was removed, and the district court dismissed the federal claims and remanded the state claims on April 12, 2010. Gonzalez v. Fidelity Capital Funding, et. al, C-10-554 CRB (filed Feb. 8, 2010).

**Legal Standard**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case

2

shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id.; see also Abrego v. Dow Chemical Co., 443 F.3d 676, 685 (9th Cir. 2006). Removal jurisdiction may be based on diversity of citizenship or on the existence of a federal question. 28 U.S.C. § 1441. Whether removal jurisdiction exists must be determined by reference to the well-pleaded complaint. Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 808 (1986).

**Discussion**

### A. The Removal Was Untimely

Plaintiff moves to remand on the basis that Defendant's removal of the action was untimely under 28 U.S.C. § 1446, which requires that an action be removed within thirty days of service or thirty days after it becomes ascertainable that the action could be removed. Defendant answered the amended complaint on February 18, 2010. See Fisher Decl. Ex. 2. Nothing in the interim changed the nature of the amended complaint or made it any more or less removable than it was on the date it was answered. The action was not removed until June 11, 2010, after trial on the merits in the state court. Even taking into consideration the leniency afforded to pro se litigants, there is no excuse for Defendant's failure to timely remove, and remand is appropriate on this basis. See 28 U.S.C. § 1447(c) (removed case may be remanded to state court based on a "defect" in the removal procedure).

### B. No Federal Court Jurisdiction

#### 1. No Federal Question Jurisdiction

Defendant based removal on 28 U.S.C. § 1331 because this case involves the "same property of which this Federal Court has original jurisdiction in the Federal Court Action. . . ." Notice of Removal at 2. The "Federal Court Action" appears to refer to Gonzalez v. Fidelity Capital Funding, et. al, C-10-554 CRB (filed Feb. 8, 2010). In the opposition to the motion to remand, Defendant

argues that the Court has subject matter jurisdiction because this unlawful detainer action is an attempt to circumvent <u>Gonzalez v. Fidelity Capital Funding, et. al</u>, C-10-554 CRB (filed Feb. 8, 2010), and because the filing of the unlawful detainer action violates Defendant's due process rights. Plaintiff responds that the complaint only alleged a single, state law unlawful detainer claim.

      Where a civil action over which the federal courts have original jurisdiction is brought in state court, the defendant may remove the action to federal district court. <u>See</u> 28 U.S.C. § 1441. A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. <u>See</u> <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987); <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 830 (2002) ("The well-pleaded-complaint rule has long governed whether a case "arises under" federal law for purposes of § 1331."); <u>see also</u> <u>Wayne v. DHL Worldwide Express</u>, 294 F.3d 1179, 1183 (9th Cir. 2002) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. <u>Id.</u> Further, whether a case arises under federal law does not depend upon matters raised in the answer. <u>Holmes</u>, 535 U.S. at 830-31 (". . . whether a case arises under federal patent law 'cannot depend upon the answer.' Moreover, we have declined to adopt proposals that 'the answer as well as the complaint ... be consulted before a determination [is] made whether the case "ar[ises] under" federal law ... .'") (internal citations omitted); <u>Phillips Petroleum Co. v. Texaco, Inc.</u>, 415 U.S. 125, 127-28 (1974) ("The federal questions 'must be disclosed upon the face of the complaint, unaided by the answer.' Moreover, 'the complaint itself will not avail as a basis of jurisdiction in so far as it goes beyond a statement of the plaintiff's cause of action and anticipates or replies to a probable defense.'").

      Here, the face of the complaint, which asserts one state law claim only, does not provide any ground for removal. To the extent that Defendant may have raised federal law issues in the answer or believes that the state court action was filed in violation of Defendant's due process rights, those issues do not provide a basis for removal. Therefore, remand is proper because the complaint, on its

4

face, does not arise under federal law.

### 2.  No Diversity Jurisdiction

Although Defendant does not ground removal on the basis of diversity jurisdiction, there is no diversity jurisdiction. Pursuant to 28 U.S.C. § 1332, this Court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." Defendant has made no showing that the statutory minimum of $75,000 has been met, and the face of the complaint shows that it has not been met. The cover page of the complaint states in the caption, "AMOUNT DOES NOT EXCEED $25,000." Am. Compl. at 1. Therefore, the case was not removable as a diversity action.

### C.  The Court need not reach the waiver issue

Plaintiff argues that this case should be remanded because Defendant has waived the right to remove. See Resolution Trust Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994) (finding that a state court defendant may "waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum."). Because remand is appropriate in light of the procedural and substantive defects described above, the Court need not reach the waiver issue.

### D.  Attorney's Fees and Costs

Upon granting a motion for remand, a federal court may order the defendant to pay the plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); Martin v. Franklin Capital Corp., 546 U.S. 132 (2005) (award of attorneys' fees is discretionary where motion for remand is successful). Costs and fees are authorized under § 1447(c) for "a defect in removal procedure," such as lack of subject matter jurisdiction. See Schwarzer, et al., Federal Civil Procedure Before Trial § 2:1110. As the Supreme Court noted, Congress intended for the award of fees to serve as a deterrent to improper removal, although defendants have a right of removal where they meet the requirements for federal jurisdiction:

> The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes

5

> judicial resources. Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff. The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.

Martin, 546 U.S. at 141.

Whether an award of fees is appropriate depends on the reasonableness of the removal. Martin, 546 U.S. at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." Martin, 546 U.S. at 141 (citations omitted). However, in applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. Id.

Here, an award of fees and costs is appropriate, and there are no unusual circumstances that justify a different conclusion. There is no objectively reasonable basis for removal of this purely state law case. Defendant did not prevail in state court, and one week after judgment was entered against him, he removed this matter to federal court. Then Defendant sought a stay of proceedings in state court while this federal court action proceeded, which the Court denied. The removal appears to have been filed solely as a stalling tactic. Further, Plaintiff has presented evidence that Defendant was not truthful in state court about whether his children lived with him, and about whether he would move out in two weeks. See Fisher Decl. at ¶¶ 8-9. In addition, the removal notice was deficient because it did not contain a copy of Defendant's answer in state court, and because it based removal on the previously filed federal court action, but does not indicate that the previously filed case had been dismissed and remanded.

Defendant is pro se and at least one district court in this circuit has denied fees on the ground that the defendant was pro se under facts similar to this case. See U.S. Bank v. Heath, 2010 WL 1258173, at *2 (D. Ariz. Mar. 26, 2010) ("The Court agrees with Plaintiff that removal of this action was not warranted by fact or law. Given Defendants' pro se status, however, the Court will exercise its discretion and deny the request for fees and costs."). However, Defendant here removed this case only after receiving an adverse judgment on the merits in state court. Defendant's pro se status does not support denial of fees and costs in this case.

6

1   Plaintiff seeks a total of $6,153.00 in fees and costs.  See Fisher Decl. ¶ 13; Fisher Reply
2   Decl. ¶ 7.  Plaintiff's counsel spent 17.6 hours drafting the motion to remand, researching issues and
3   collecting exhibits, and his hourly rate is $190.00, for a total of $3,344.00 in attorney's fees.  See
4   Fisher Decl. ¶ 13.  In addition, Plaintiff's counsel seeks $1,805.00 in fees and travel costs for an ex
5   parte hearing as well as $912.00 for time spent drafting a reply to Defendant's opposition to the
6   motion to remand.  See Fisher Reply Decl. ¶ 7.

7   The Court finds that the time spent and counsel's hourly rate are reasonable.  Pursuant to §
8   1447(c), the Court awards fees only for the time spent on the motion to remand as those fees were
9   incurred directly as a result of the removal.  See Baddie v. Berkeley Farms, 64 F.3d 487, 490 (9th
10  Cir. 1995) ("The language of section 1447(c) refers to the payment of expenses 'incurred as a result
11  of the removal.'  When defendants remove a case improperly, for example, they cause the plaintiffs
12  to incur the expense of seeking a remand. That expense is a direct result of the removal, and section
13  1447(c) permits the plaintiffs to recoup that expense.  In contrast, other fees and costs incurred in
14  federal court after a removal may be related only tenuously to the removal, as when they replace
15  similar fees and costs that would have been incurred in state court if the litigation had proceeded
16  there. Such fees and costs cannot be considered 'incurred as a result of the removal.'").  The fees
17  and costs attributable to the ex parte hearing were not incurred as a direct result of the removal.
18  Accordingly, Plaintiff's request for fees and costs is granted in the amount of $4,256.00.

19  **Conclusion**

20  Plaintiff's Motion to Remand is granted.  Plaintiff's request for fees is granted in the amount
21  of $4,256.00.

22  **IT IS SO ORDERED.**

23  Dated: August 30, 2010

24  ELIZABETH D. LAPORTE
    United States Magistrate Judge

**United States District Court**
For the Northern District of California

7